UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE ABNEY, | : | 1:13-CV-01418 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SERGEANT CALEB YOUNKER, | : | |
| *et al.,* | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

**I.  Introduction.**

The plaintiff, Clarence Abney, claims that he was the subject of excessive force in prison to such an extent that he had to be airlifted to a trauma center.   He brings numerous claims against numerous defendants.   Currently pending is a second motion for partial summary judgment filed by some of the defendants.   The issue is whether Abney exhausted administrative remedies as to certain claims. Because the motion is untimely, we recommend that it be denied.   Given that recommendation, we also recommend that the moving defendants' motion for leave to file a statement of undisputed facts be denied as moot.

**II.   Background and Procedural History.**

On May 24, 2013, Abney began this action by filing a complaint against seventeen named defendants and three John Doe defendants.   The named defendants are Corrections Officers Younker, Brooks, Lehman, Snyder, Hills, Hartman, Mallery, Everly, Yarnell, Bumbarger, Booher, Huber, Wertz and supervisory defendants Lieutenant Harker, Lieutenant Maxwell, Captain Stevens, and Superintendent Bickell.   The defendants are employees or officials at the State Correctional Institution at Huntingdon (SCI-Huntingdon).

Abney's claims stem from an incident at SCI-Huntingdon, on June 29, 2012, when he and defendant Younker had a dispute, and Abney punched Younker. According to Abney, defendants Younker, Brooks, and Lehman then repeatedly beat and kicked him, and they continued to do so even after he posed no threat.   Abney alleges that defendants Snyder, Hills, Hartman, Mallery, Everly, and Yarnell arrived on the scene, but instead of intervening to stop the assault, they joined in holding him down and beating him.   Abney further alleges that although he lost consciousness, the officers continued to assault him.   According to Abney, during the beating, defendants Bumbarger, Booher, Huber, Wertz, Harker, and Maxell arrived on the scene, but they too did not intervene to stop the abuse.

Abney alleges that while he was unconscious or only semiconscious, defendants Bumbarger, Booher, Huber, and Wertz, on orders from defendants Harker and Maxwell, restrained his hands and feet.   Abney was allegedly bleeding profusely from his head, his face was lacerated, and he was unconscious or semiconscious.   According to Abney, although defendants Younker, Brooks, Lehman, Snyder, Hills, Hartman, Mallery, Everly, Yarnell, Bumbarger, Booher, Huber, Wertz, Harker, and Maxwell observed that he needed treatment for his injuries, they did not provide first aid or take any action to obtain medical care for him.   After the beating, defendants Booher, Huber, and Wertz, at the direction of defendant Maxwell and observed by defendant Harker, dragged Abney by his wrists out of the block, causing him further injury because the weight of his body was made to hang from his arms, which were twisted back and bound together.   Abney alleges that he fell or was dropped at least once while he was being dragged, causing him further injury.

After Abney arrived at the Restricted Housing Unit, an ambulance was called, and Abney was subsequently airlifted to a trauma center.   Abney was diagnosed with a brain injury, a nasal fracture, facial lacerations, and he was on mechanical ventilation for a time.

3

Abney alleges that defendant Stevens failed to ensure that the officers were familiar with and complied with policies of the Department of Corrections (DOC) on the use of force and the use of restraints, and that failure caused him injury. Abney also complains that, in violation of DOC policy, defendant Stevens failed to inform his next of kin about his injuries.   Abney further alleges that defendant Bickell failed to provide adequate training and supervision of the other defendants. He also alleges that the John Doe defendants failed to adequately screen or train the corrections officers.

Abney alleges that he suffered serious physical injuries as well as severe emotional distress as a result of the defendants' actions.   The complaint contains nine counts.   Count One is an Eighth Amendment excessive force claim against defendants Younker, Brooks, Lehman, Snyder, Hills, Hartman, Mallery, Everly, and Yarnell based on the beating.   Count Two is an Eighth Amendment failure-to-intervene claim against defendants Bumbarger, Booher, Huber, Wertz, Harker, and Maxell.   Count Three is an Eighth Amendment claim against defendants Younker, Brooks, Lehman, Snyder, Hills, Hartman, Mallery, Everly, Yarnell, Bumbarger, Booher, Huber, Wertz, Harker, and Maxell based on their failure to provide Abney with medical care.   Count Four is an Eighth Amendment excessive force claim against defendants Booher, Huber, Wertz, and Maxell based

on the use of restraints and the dragging and dropping of Abney.   Count Five is a failure-to-train and failure-to-supervise claim against defendants Stevens and Bickell.   Count Six is an Eighth Amendment failure-to-screen claim against the John Doe defendants.   Count Seven is a state law claim for assault and battery against defendants Younker, Brooks, Lehman, Snyder, Hills, Hartman, Mallery, Everly, and Yarnell based on the beating.   Count Eight is a state law claim for assault and battery against defendants Booher, Huber, Wertz, and Maxell based on the use of restraints and the dragging and dropping of Abney.   And Count Nine is a state law claim of intentional infliction of emotional distress against all the named defendants.   Abney is seeking compensatory and punitive damages as well as declaratory and injunctive relief.

In July of 2013, defendant Lehman filed an answer to the complaint.   Later that month, the sixteen other named defendants filed a partial motion to dismiss the complaint, which the Court subsequently denied.   At the request of the parties, we bifurcated the case management dates and deadlines as to proceedings on the issue of whether Abney exhausted administrative remedies from such dates and deadlines on the merits.   In that regard, we set discovery and dispositive motions deadlines as to the exhaustion issue.

Defendants Younker, Brooks, Snyder, Hills, Hartman, Mallery, Everly, Yarnell, Bumbarger, Booher, Huber, Wertz, Harker, Maxell, Stevens, and Bickell (Commonwealth defendants) thereafter filed a partial motion for summary judgment.   They sought summary judgment as to Counts Two through Five of the complaint as well as Abney's request for declaratory and injunctive relief on the basis that Abney failed to exhaust administrative remedies.   After that motion had been fully briefed and after we carefully considered the record and the parties' arguments, we recommended that the motion be granted in part and denied in part. More specifically, we recommended that the Commonwealth defendants be granted summary judgment as to Count Three (denial of medical care) and Count Five (failure to train and failure to supervise) of the complaint, but that the motion be denied in all other respects.   Two days after we made that recommendation, the Commonwealth defendants filed an answer to the complaint.

Approximately twenty days later, six of the Commonwealth defendants (defendants Booher, Bumbarger, Harker, Huber, Maxwell, and Wertz) filed a second motion for partial summary judgment.   These defendants (hereinafter the "moving defendants") again seek summary judgment as to Counts Two and Four of the complaint on the basis that Abney failed to exhaust administrative remedies as to the claims in those counts.   The moving defendants filed a brief and documents in

6

support of that motion.   They did not, however, file a statement of undisputed

material facts as required by Local Rule 56.1.

The day after the moving defendants filed their second motion for partial

summary judgment, Abney filed a brief in opposition to that motion pointing out that

the moving defendants had not filed a statement of undisputed material facts as

required by Local Rule 56.1.   Abney also argues that the motion is untimely,

redundant, and without a proper purpose.   According to Abney, the moving

defendants could have, but did not, file objections to the Report and

Recommendation that had recommended that the Commonwealth defendants'

motion for summary judgment as to Counts Two and Four be denied.   Abney

further asserts that the moving defendants violated Rule 11 by filing the second

motion for partial summary judgment, and he subsequently filed a separate motion

for sanctions.

After Abney pointed out that they had failed to comply with Local Rule 56.1,

the moving defendants filed a motion for leave to file a statement of facts pursuant to

Local Rule 56.1.   They assert that although they timely prepared a statement of

undisputed facts as required by the local rule, they inadvertently failed to file that

statement.

On February 4, 2015, Judge Kane adopted the Report and Recommendation recommending that Commonwealth defendants' motion for partial summary judgment be granted in part and denied in part.   She dismissed Counts Three and Five of the complaint with prejudice, and she remanded the case to the undersigned.

Because we conclude that the moving defendants' second motion for partial summary judgment is untimely, we recommend that that motion be denied and that the moving defendants' motion for leave to file a statement of material facts be denied as moot.

## III.   Discussion.

In the joint case management plan and at the case management conference, the parties requested a stay of proceedings on the merits until such time as the issue of exhaustion of administrative remedies was resolved.   We granted that request to the extent that case management dates regarding discovery and dispositive motions on the issue of exhaustion were entered. *Doc. 25* at 1.[1]   In that regard, we ordered that discovery regarding exhaustion be completed by January 31, 2014, and that dispositive motions and supporting briefs on the issue of exhaustion be filed by

---

1  We did not simply stay all proceedings pending resolution of the exhaustion issue because there was at the time a pending partial motion to dismiss, which had already been fully briefed.

February 28, 2014. *Id.* at 2.   We noted that case management dates and deadlines regarding discovery and dispositive motions on the merits as well as trial and pretrial deadlines would be entered at a later time, if necessary, after the exhaustion issue was addressed. *Id.* at 1.

The moving defendants filed the instant motion for partial summary judgment on August 27, 2014, nearly six months after the February 28, 2014 deadline for dispositive motions on the exhaustion issue.   Thus, the motion is untimely.

We note that in response to Abney's separate motion for sanctions, the moving defendants state that because we stated in the prior Report and Recommendation that, upon remand, we would set a deadline for the defendants to seek a plenary hearing on any remaining exhaustion issues, we clearly indicated to the parties that we would consider further dispositive motions on the issue of exhaustion.   That is simply incorrect.

In the prior Report and Recommendation, we set forth that the Court would consider a request for a plenary hearing on issues of disputed fact:

> The Commonwealth defendants did not move for summary judgment as to Count One of the complaint.   Despite not raising the exhaustion issue as to Count One in their summary judgment motion, the Commonwealth defendants left open the possibility that they would raise that issue at a later time. *See Doc. 60* at 10 ("For purposes of this motion only, the Commonwealth defendants accept that Abney has exhausted his

administrative remedies with respect to the use of force incident that occurred on A-Block on June 29, 2012.").   In response, Abney argues that the Commonwealth defendants have waived the defense of failure to exhaust as to Count One and that they cannot raise that defense at a future time.   The Commonwealth defendants reply that they have not waived the defense.

"Under the PLRA, exhaustion is a precondition for bringing suit under § 1983." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013).   It is a "'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'" *Id.* at 270 (emphasis in original)(quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)).   There is no right to have a jury decide the issue of exhaustion. *Id.* at 271.   Rather, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Id.* at 269.   Given that exhaustion is a threshold issue, it makes "sense from an efficiency standpoint that exhaustion determinations be made before discovery, or with only limited discovery." *Id.* at 271, n.5.

. . .

It was the intent of the undersigned that the issue of failure to exhaust administrative remedies would be finally decided before the case would proceed to the merits phase. Thus, we expected that all issues regarding failure to exhaust would be raised by the February 28, 2014 deadline set in the case management order.   Nevertheless, the case management order only specifically set a deadline for dispositive motions on the issue of exhaustion.   And the defendants point out that the Third Circuit has concluded that failure to raise the affirmative defense of failure to exhaust in a timely dispositive motion does not completely waive the defense, but waives only the ability of the defendants to receive summary adjudication of that defense. *Drippe v. Gototweski,* 434 F. App'x 79, 81 (3d Cir. 2011). Thus, we reject Abney's contention that the defendants have waived the defense as to Count One.   Upon remand after the Court considers this Report and Recommendation, we will set a

deadline for the defendants to seek a plenary hearing on any
remaining exhaustion issues.

*Doc. 95* at 26-29 (footnote omitted).

Contrary to the position of the moving defendants, we did not suggest that we would consider further dispositive motions on the issue of exhaustion.   Rather, in accordance with the Third Circuit's decision in *Small*, we recognized that there may be genuine issues of disputed fact that need to be decided by the Court regarding exhaustion, and we indicated that we would set a deadline for the defendants to request a plenary hearing on those issues.   Genuine issues of disputed fact cannot be decided on summary judgment, and we did not suggest that we would consider a second, untimely motion for summary judgment on exhaustion.

In sum, the moving defendants' motion for partial summary judgment is untimely, and for that reason we recommend that it be denied.   Since we so recommend, we also recommend that the moving defendants' motion for leave to file a statement of material facts be denied as moot.

Even apart from the fact that the moving defendants' motion for partial summary judgment is untimely, we note that it does not appear that the motion has merit.

The moving defendants contend that Abney failed to exhaust administrative remedies as to Counts Two and Four because he failed to mention either claim in his grievance and because he failed to identify the moving defendants in his grievance.[2] The moving defendants made these same arguments in their earlier motion for summary judgment.   In connection with the earlier motion for partial summary judgment, the parties submitted different versions of DC-ADM 804.   After reviewing the evidence submitted by the parties, we noted that "the issue regarding what administrative remedies were available to Abney entails consideration of what was communicated to, or available to, inmates such as Abney about the requirements of DC-ADM 804, not necessarily what version of DC-ADM 804 was on the DOC's website or available to staff on an internal server." *Doc. 95 at 14.* The summary judgment record did not contain evidence sufficient for the Court to

---

2 As set forth earlier, the Commonwealth defendants previously moved for summary judgment as to Counts Two through Five of the complaint as well as Abney's request for declaratory and injunctive relief on the basis that Abney failed to exhaust administrative remedies.   The Commonwealth defendants did not move for summary judgment as to Count One of the complaint, and for purposes of the prior motion for summary judgment, they accepted that Abney exhausted administrative remedies with respect to that Count.   Similarly, although the Commonwealth defendants' position was that the only grievance Abney filed was an October 2012 grievance, which was rejected as untimely, for purposes of the prior summary judgment motion, they did not contest that Abney properly filed a grievance on July 2, 2012.   The moving defendants also do not contest in their second motion for summary judgment that Abney filed a grievance on July 2, 2012.

determine what was communicated to or available to Abney about the requirements

of DC-ADM 804.   Further, we noted that although Constance Green, the Assistant

to the Superintendent at SCI-Huntingdon, stated in her declaration that inmates are

provided with notice of the grievance policy and the associated requirements and

Lisa Hollibaugh, the facility grievance coordinator at SCI-Smithfield, testified that

inmates are provided with memos of changes to policies, neither of them stated

specifically which version of the policy was provided to or available to inmates at

the time of the events at issue in this case.   We also noted that the parties did not

submit evidence regarding what the inmate handbook at the relevant time provided

or a copy of any memo explaining the change in wording of DC-ADM 804.   We

concluded that part of the defendants' burden of proving failure to exhaust is

proving what administrative remedies were available to the prisoner at the relevant

time.   Because the Commonwealth defendants failed to provide evidence from

which it could reasonably be determined which policy was in effect and available to

Abney at the relevant time, we used the version of DC-ADM 804 provided by

Abney.

In connection with the current motion for partial summary judgment, the

moving defendants attempt to cure the deficiencies noted in the prior Report and

Recommendation.   They attempt to do so by submitting a declaration from Melissa

Roberts, the Department Policy and Statewide Records Coordinator for the

Standards, Accreditation, and Internal Audits Division of the Commonwealth of

Pennsylvania, setting forth which version of DC-ADM 804 was in effect at the

relevant time.   They also submit a supplemental declaration from Constance Green

stating which version of DC-ADM 804 was in effect at the time and stating: (1) that

all inmates are provided with notice of the grievance system and its requirements,

(2) that when each inmate enters the DOC, he or she receives a handbook that details

the policies in effect at the time, (3) that copies of all DC-ADM policy statements

and procedures manual are available in the institutional libraries and on each

housing unit for inmates to review or copy, and (4) that when there is a revision or

issuance of a new DC-ADM policy statement or procedures manual, every inmate

receives a memorandum detailing the changes or the newly issued policy statement

or procedures manual.   Nevertheless, given Abney's response to the previous

motion for summary judgment, it is doubtful that this would eliminate a factual

dispute about which version of DC-ADM 804 was available to Abney at the time.

Moreover, even accepting the moving defendants' version of DC-ADM 804,

we would not change our previous recommendation that the defendants are not

entitled to summary judgment as to Counts Two and Four on the basis that Abney

did not mention the claims in those counts in his grievance.   In that regard, we

previously reasoned:

> Count Two of the complaint is an Eighth Amendment
> failure-to-intervene claim against defendants Bumbarger,
> Booher, Huber, Wertz, Harker, and Maxell.   And Count Four is
> an Eighth Amendment excessive force claim against defendants
> Booher, Huber, Wertz, and Maxell based on the use of restraints
> and the dragging and dropping of Abney.   The Commonwealth
> defendants contend that Abney failed to exhaust administrative
> remedies as to these counts for a number of reasons.
>
> . . .
>
> The Commonwealth defendants contend that because
> Abney did not mention a failure to intervene or the handcuffing
> and dragging and dropping in his grievance, he failed to exhaust
> available administrative remedies as to those claims.   We
> disagree.
>
> Abney did not specifically mention a failure to
> intervene or the handcuffing and dragging and dropping in his
> grievance.   But Abney complained about the use of force, and
> the failure to intervene by some of the defendants to stop other
> defendants from using excessive force can be seen as a part of
> the use of force about which Abney complained in his grievance.
> Similarly, the handcuffing and dragging and dropping by some
> of the defendants can be seen as a continuation of the use of force
> about which Abney complained in his grievance.   And so, while
> the grievance could have been more specific, it served the
> purpose of the exhaustion requirement of alerting prison officials
> to the problem and giving them the opportunity to correct it
> before being brought into court.   Thus, we conclude that the
> defendants should not be granted summary judgment on Count
> Two (failure to intervene claim) and Count Four (excessive force
> based on handcuffing and dragging and dropping) of the

complaint on the basis that Abney did not specifically mention
those claims in his grievance.

*Doc. 95* at 20-21.   That recommendation would remain the same regardless of

which version of DC-ADM 804 was applicable.

Similarly, our previous recommendation that the defendants are not entitled to

summary judgment as to Counts Two and Four on the basis that Abney failed to

specifically name the moving defendants would not change even accepting the

defendants' version of DC-ADM 804.   As to the failure to name the defendants, we

concluded that given Abney's assertion that he was unconscious or only

semiconscious at certain times during the assault, he did not procedurally default his

claims on the basis that he failed to specifically name all the defendants in his

grievance:

> The Commonwealth defendants contend that Abney failed
> to exhaust administrative remedies as to Counts Two and Four
> for an additional reason: he failed to name in his grievance the
> defendants he names in those counts.   It is undisputed that
> Abney's grievance did not identify any of the defendants named
> in Counts Two and Four of the complaint.   But given the
> circumstances of this case, we conclude that that failure does not
> amount a procedural default barring Abney's claims.
> 42 U.S.C. §1997(e) does not impose a
> name-all-defendants requirement, and "exhaustion is not *per se*
> inadequate simply because an individual later sued was not
> named in the grievances." *Jones*, 549 U.S. at 217 & 219.
> Rather, the inmate is required to comply the requirements of the
> prison's grievance system. *Id.* at 219.   Here, as previously set

16

forth, DC-ADM provides that "[t]he inmate must include a statement of the facts relevant to the claim" in his grievance. *DC-ADM 804(1)(A)(11) (Doc. 70* at 5).

In *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004), the Third Circuit analyzed a prior version of DC-ADM 804.   That prior version of DC-ADM 804 provided, in pertinent part: "The inmate shall include a statement of the facts relevant to the claim. . . . The inmate should identify any persons who may have information that could be helpful in resolving the grievance." *Id.* at 233.   In *Spruill,* the Third Circuit "recognized that a grievance under the DOC's administrative review system should identify specific persons, if practicable." *Chimenti v. Mohadjerin*, 3:CV-01-0273, 2008 WL 2551603, at *4 (M.D. Pa. June 24, 2008).   "It held that an unexplained failure to identify a responsible prison official in a grievance may constitute a procedural default of the claim." *Id.*   Thus, "in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constitute[s] a failure to properly exhaust his administrative remedies[.]" *Williams v. Pennsylvania, Dep't of Corr.*, 146 F. App'x 554, 557 (3d Cir. 2005).

In this case, Abney suggests that it was not practicable for him to identify the defendants because he was unconscious or only semiconscious at certain times during the assault, and, thus, he did not know who was involved in the incident in question. Abney has adequately explained his failure to name the defendants in his grievance.   Because it was not practicable for Abney to identify the defendants, he has not procedurally defaulted his claims. *See Robinson v. Johnson,* 343 F. App'x 778, (3d Cir. 2009)(holding that inmate did not procedurally default as to a former Secretary of the DOC and a former Superintendent on a claim challenging a policy where the defendants did not meet their burden of demonstrating that it was practicable for the inmate to identify them as the relevant policymakers); *Sanders v. Beard,* No. 3:09-CV-1384, 2013 WL 1703582, at *7 (M.D.Pa. June 4, 2012)("Even if the prison's grievance review process had not identified Defendants Felton

and Varner, Plaintiffs' failure to name them would be excused because they have explained that it was not practicable for them to name or identify the individuals responsible for maintenance at the prison."); *Victor v. SCI Smithfield*, 3:08-CV-1374, 2011 WL 3584781, at *6 (M.D. Pa. Aug. 12, 2011)("It is only the 'unexplained failure to identify a responsible prison official in a grievance [that] constitutes a procedural default of the claim.'")(quoting *Freeman v. Dep't of Corr.,* 2011 U.S. Dist. LEXIS 17045, *12 (M.D.Pa. 2011)).

Moreover, we note that the "'primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Williams v. Beard,* 482 F.3d 637, 640 (3d Cir. 2007)(quoting *Jones,* 549 U.S. at 219).   Abney's grievance succeeded in alerting prison officials to the alleged problem—the alleged use of excessive force—and Abney should not be deemed to have procedurally defaulted his claims by failing to identify the defendants when he contends that the force was so excessive that he was unconscious or only semiconscious.

*Doc. 95* at 21-25.

Although we based our previous recommendation in part on the version of

DC-ADM 804 submitted by Abney, we also noted that Abney suggested that it was

not practicable for him to identify the defendants because he was unconscious or

only semiconscious at certain times during the assault, and, thus, he did not know

who was involved in the incident in question.   Accepting Abney's version of the

facts as true, as we were required to do in connection with a summary judgment

motion, we concluded that Abney had adequately explained his failure to name the

defendants in his grievance, and because it was not practicable for Abney to identify

18

the defendants, he did not procedurally default his claims.   We would reach the same conclusion even accepting that the version of DC-ADM 804 provided by the defendants provides that "[t]he inmate shall identify individuals directly involved in the event(s)." *See Doc. 99-3* at 10.   The Third Circuit has stated that "compliance with the administrative remedy scheme will be satisfactory is it is substantial." *Nyhuis v. Reno,* 204 F.3d 65, 75 (3d Cir. 2000).   As set forth above, it is not practicable to a require an inmate to identify individuals by name defendants if he was unconscious or only semiconscious at certain times during the assault, and, thus, he did not know who was involved in the incident in question.   That is true regardless of which version of DC-ADM 804 was available to Abney at the time.

## IV.   Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the motion (doc. 98) for partial summary judgment filed by defendants Booher, Bumbarger, Harker, Huber, Maxwell, and Wertz be denied as untimely.   It is further recommended that the moving defendants' motion (doc. 104) for leave to file a statement of facts pursuant to Local Rule 56.1 be denied as moot.   Finally, it is recommended that the case be remanded to the undersigned for further proceedings. Upon remand, we will set a deadline for the parties to request a plenary hearing on

any issues of fact remaining as to exhaustion and we will address Abney's motion

for sanctions.


The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Submitted this 24th day of February, 2015.



***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge