# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE ABNEY,** : | |
| : | Civil No. 1:13-CV-1418 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| **v.** : | |
| : | |
| **CALEB YOUNKER, et al,** : | (Magistrate Judge Carlson) |
| : | |
| **Defendants** : | |

## MEMORANDUM AND ORDER

### I.  Statement of Facts and of the Case

This prisoner civil rights lawsuit comes before the court for resolution of two competing sanctions motions. These sanctions motions, in turn, illustrate how on occasion merits litigation can be hijacked by collateral disputes between the parties. In this case upon consideration of the competing sanctions motions filed by the parties, for the reasons set forth below, both motions are DENIED.

These competing motions arise in what has been contentious litigation. Turning first to Abney's sanctions motion, the background of this sanctions request is as follows: On October 16, 2013, the Court (M.J. Schwab) set a schedule for limited discovery and dispositive motions on a preliminary issue, the affirmative defense of non-exhaustion of administrative remedies. (Doc. 25.) A motion for partial summary judgment on that issue was then timely filed on February 28, 2014, by the defendants.

(Doc. 52.) Judge Schwab issued a Report and Recommendation regarding this motion on August 4, 2014. That Report and Recommendation recommended that this motion be granted in part and denied in part. (Doc. 95.) The partial denial of this defense motion was based upon Judge Schwab's conclusion that there were certain factual disputes which precluded summary judgment.

With their understanding of the deficiencies in their summary judgment motion informed by Judge Schwab's Report and Recommendation, the defendants filed a second summary judgment motion on August 27, 2014. (Doc. 98.) This motion, which was filed while Judge Schwab's Report and Recommendation was pending, endeavored to address some of the evidentiary shortcomings cited by the judge in her Report and Recommendation. Ultimately, these efforts by defense counsel were unavailing. Judge Schwab issued a second Report and Recommendation which recommended that the second summary judgment motion also be denied. (Doc. 112.) The district court later adopted both of these Reports and Recommendations. (Docs. 111 and 145.)

In his sanctions motion, (Doc. 105), Abney argues that the filing of this second summary judgment motion without the prior approval of the court constituted a sanctionable act of misconduct on the defendants' part. Thus, in our view this motion seeks to sanctions zealous aggressive, albeit unsuccessful, advocacy by defense


counsel.

The defendants have also filed a motion for sanctions, (Doc. 136), which seeks to sanction zealous, and aggressive advocacy by the plaintiff's counsel, advocacy whose prudence has yet to be determined. On December 1, 2015, Abney filed a motion for leave to file a supplemental complaint. This motion sought leave to bring new allegations of constitutional violations against additional defendants, including the defense trial counsel in this case, arising out of what were efforts to transfer Abney between state prisons for the purpose of deposing him in this underlying case, efforts that were allegedly undertaken prior to obtaining court approval for the deposition. (Doc. 130.)[1] Abney has now also repeated these allegations in a newly filed lawsuit, a separate and free-standing civil action. <u>Abney v. Basiel</u>, 1:16-CV-350. The defendants have regarded this very aggressive advocacy as sanctionable misconduct, and have sought sanctions against Abney's counsel as a result of this filing. The defendants chart this course, however, prior to any legal assessment of the merits of these newly filed legal claims. Thus, the defendants seek to sanction counsel for filing a frivolous pleading, before the merits or frivolousness of that pleading have been ascertained.

---

[1] We will by separate order address this motion for leave to file a supplemental complaint, which also remains pending in this case.

Having carefully considered the parties competing submissions, we find that both motions should be denied.

## II. Discussion

The standards governing motions for sanctions are familiar ones. With respect to such motions, our exercise of discretion in this instance is guided by settled case law describing the responsibilities of the court when considering sanctions against parties. At the outset, it is well-settled that a district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before it. See, e.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007). Indeed, the inherent power of the Court to act in this area has long been recognized by the United States Supreme Court, which has held that:

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing Hudson ). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8

L.Ed.2d 734 (1962).

Chambers v. NASCO, Inc. 501 U.S. 32, 43 (1991).

Sanctions decisions rest in the sound discretion of the court and, if a district court awards sanctions pursuant to its inherent authority, such an award may only be reviewed for abuse of discretion, which will be found only where "the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting In re Orthopedic Bone Screw Products Liability Litig., 193 F.3d 781, 795 (3d Cir. 1999)).

In addition to the court's inherent authority, Rule 11(b) of the Federal Rules of Civil Procedure also imposes an ethical duty upon counsel to ensure the timeliness and accuracy of pleadings, and authorizes sanctions for improper conduct, stating in pertinent part:

> [A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
>
> The Third Circuit has noted that "[f]ormulating a rule broad enough to curb abusive litigation tactics and misuse of the court's process but yet not so sweeping as to hinder zealous advocacy was obviously a formidable task." Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987); see also Cvetko v. Derry Twp. Police Dep't, 2010 WL 3338256 (M.D. Pa. Aug. 24, 2010). The Third Circuit found that Rule 11 imposes an obligation on attorneys to "Stop, Think, Investigate and Research" before filing litigation documents. Id. The court cautioned, however, that "Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is intended for only exceptional circumstances." Id. at 483 (internal quotation omitted).

Spencer v. Borough of Moosic, No. CV 3:14-1704, 2016 WL 613782, at *1-2 (M.D. Pa. Feb. 16, 2016).

Yet while this court doubtless has the discretion to order imposition of sanctions in appropriate cases, the exercise of this discretion is guided by certain basic principles. Foremost among these principles is the tenet that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court. See Klein v. Stahl, GMBH & Co., Maschinefabrik, 185 F.3d 98 (3d. Cir. 1999).This basic, but pivotal, aspect of the exercise of discretion in this area, has been voiced in many ways. Thus, it is well established that, "[b]ecause of their very

potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc. 501 U.S. at 44-45 (citation omitted). Therefore, in exercising this authority we are cautioned that:

> [A] district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction.

Republic of Philippines v. Westinghouse Elec. Corp. 43 F.3d at 74.

Moreover:

> [H]aving evaluated the conduct at issue, the district court must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate. Although the court need not "exhaust all other sanctioning mechanisms prior to resorting to its inherent power" (Landon v. Hunt, 938 F.2d at 450, 454 (3d Cir.1991)), the court must explain why it has chosen any particular sanction from the range of alternatives it has identified. See Poulis, 747 F.2d at 868 (sanctions under Fed.R.Civ.P. 16 and 37).

Id.

With these basic principles in mind we turn to consideration of the parties' competing motions for sanctions.

In this case, we find that both parties' sanctions motions seek to sanction the opposing party for aggressive, zealous acts of representation. While we would encourage each party to temper their zeal with moments of cooler reflection in the future, presently we find that no sanctions are warranted in this case against either party for their representational conduct. We reach this conclusion mindful of the fact that:

> Rule 11 sanctions are generally appropriate only in the "exceptional circumstance" that a claim, motion, or other paper "has absolutely no chance of success," although a finding of the signer's bad faith is not required. Doering, 857 F.2d at 194 (citing Gaiardo, 835 F.2d at 483; Lieb v. Topstone Indus., Inc. ., 788 F.2d 151, 157 (3d Cir.1986); Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir.1986)). A finding of frivolousness is a prerequisite to any imposition of sanctions. Id. at 195.

Cvetko v. Derry Twp. Police Dep't, No. 1:09-CV-01260, 2010 WL 3338256, at *2 (M.D. Pa. Aug. 24, 2010).

Viewed in this light we find that the defendants' submission of a second summary judgment motion was simply an aggressive and zealous effort to promote a legal defense of failure to exhaust administrative remedies and address a shortcoming initially identified by the court in that legal defense. While this effort was unavailing, the failure of the summary judgment motion does not in our mind equate to exceptional circumstances, or conduct of such a frivolous nature that sanctions are warranted. Therefore, this motion for sanctions will be denied.

Likewise, the plaintiff's effort to address matters occurring in the course of this litigation through the filing of a motion to submit a supplemental complaint which named opposing counsel as a putative defendant will soon be addressed on its merits, either in this case, or in Abney's newly filed lawsuit which echoes these claims. Abney v. Basiel, 1:16-CV-350. Given the procedural posture of this matter, we believe that the defendants' sanctions motion is premature. Instead, we believe that the sanctions question should be deferred until after the court has the opportunity to address the underlying merits of the claims made by Abney, claims which are now set forth by Abney in a separate free-standing complaint. Abney v. Basiel, 1:16-CV-350. To these extent that the court may at the conclusion of this process determine any claims to be frivolous, we believe that the proper course would be to: first, test the legal merits of the claims through a motion to dismiss; and; second, file a motion for sanctions, if appropriate, once the merits of the claims have been adjudicated. We should not, however, at this juncture place the sanctions cart before the merits horse in the fashion suggested by the defense.

An appropriate order follows:

# **ORDER**

AND NOW this 15th day of April, 2016, in accordance with the accompanying memorandum, IT IS ORDERED that the parties' motions for sanctions, (Docs. 105 and 136) are DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge