**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE ABNEY,** | : | |
| | : | Civil No. 1:13-CV-1418 |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **CALEB YOUNKER, et al,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I.     Introduction

On May 24, 2013, the plaintiff, Clarence Abney, filed a complaint alleging various federal civil rights violations, and state common law torts, arising out of a June 29, 2012 incident in which Abney alleged that he was assaulted and seriously injured by correctional staff at the State Correctional Institution, SCI Huntingdon. (Doc. 1.) For the past three years, this case has been the subject of often contentious litigation between the parties, including mutual requests for sanctions leveled by each party against the opposing counsel.

In the course of this litigation, on December 1, 2015, Abney filed a motion for leave to file a supplemental complaint. (Doc. 130.) This motion sought leave to bring new allegations of constitutional violations against additional defendants, including the defense trial counsel in this case, arising out of what were efforts to transfer Abney

between state prisons for the purpose of deposing him in this underlying case, efforts that were allegedly undertaken prior to obtaining court approval for the deposition. (Doc. 130.) On February 25, 2016, Abney also repeated these allegations in a newly filed lawsuit, a separate and free-standing civil action. <u>Abney v. Basial</u>, 1:16-CV-350.

On March 11, 2016, Judge Schwab recused herself form this lawsuit, and this action was referred to the undersigned for pre-trial management. (Doc. 150.) As part of this pre-trial management, we are committed to working with the parties to achieve a prompt and fair resolution of the claims arising out of this June 29, 2012 incident. Towards that goal, we are addressing the pending motions in this case, including the plaintiff's motion to file a supplemental complaint. For the reasons set forth below, this motion for leave to file a supplemental complaint will be denied.

## II. <u>Discussion</u>

### A. <u>Rule 15 Supplemental Complaints-Standard of Review and Guiding Principles</u>

Rule 15(d) of the Federal Rules of Civil Procedure governs the filing of supplemental complaints, and provides that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." F.R. Civ. P. Rule 15(d). As the text of this rule implies, "[t]he decision of whether to permit a supplemental pleading is within this Court's discretion.

2

See Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188–89 (3d Cir.1979); see also Burns v. Exxon Corp., 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint.)" Hassoun v. Cimmino 126 F.Supp.2d 353, 360 -361 (D.N.J.2000). Therefore, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 generally provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend or supplement a complaint. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), "'Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d

at 1434." <u>Shane v. Fauver</u>,  213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654 (3d Cir.1998)." <u>Krantz v. Prudential Investments Fund Management LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." <u>Griffin v. County School Bd. of Prince Edward County</u>, 377 U.S. 218, 227 (1964). Therefore, in considering a motion to amend we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " <u>Masimo Corp. v. Philips Elec. N. Am. Corp.</u>, 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting <u>Medeva Pharma Ltd. v. Am. Home Prods. Corp.</u>, 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." <u>CMR D.N. Corp. v. City Of Philadelphia</u>, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

4

**B.      This Motion to File a Supplemental Complaint Will Be Denied**

In this case, the proper exercise of the court's discretion, <u>Hassoun v. Cimmino</u>, 126 F.Supp.2d 353, 360-61 (D.N.J.2000), calls for denial of this motion to file a supplemental complaint.

At the outset, we note that, in our view, events have overtaken this motion, since the plaintiff has already filed these allegations as a separate and free-standing civil action. <u>Abney v. Basial</u>, 1:16-CV-350. Given that these allegations are now set forth in a new, free-standing complaint, we believe that the most appropriate course is for the parties to address these claims on their merits in this separate lawsuit, rather than engage in collateral litigation of the same essential claims in two separate cases. Indeed, when we consider the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice," <u>Griffin v. County School Bd. of Prince Edward County</u>, 377 U.S. 218, 227 (1964), we find that the redundant, and duplicative, recital of these claims in two separate lawsuits would not advance the fair and efficient administration of justice. Quite the contrary, parallel pursuit of these claims in two separate actions would only complicate the legal process.

This proposed course of action fails to "achieve an orderly and fair administration of justice," <u>Griffin v. County School Bd. of Prince Edward County</u>,

377 U.S. 218, 227 (1964) on at least three scores. First, the proposal introduces a wholly unnecessary redundancy into this litigation. Second, this proposed course of action will also necessitate extensive preliminary motions practice relating to these two claims, many of which may be subject to legal challenges. Given the previously contentious nature of this litigation it may be anticipated that this motions practice would be lengthy, heated and costly.  Third, the addition of these supplemental claims would produce an unavoidable delay in the resolution of Abney's initial claims by adding new claims, and parties to this lawsuit nearly three years after the case was initially filed and almost four years after the events giving rise to this litigation.

In short, this case involves important issues and significant claims and defenses for all parties. We should endeavor to make sure that these issues, claims, and defenses are promptly addressed. Since supplementing this complaint to add new claims that are already embraced in a separate lawsuit would be antithetical to this goal, we will deny this motion, and instead, schedule further proceedings in this case aimed at the "orderly and fair administration of justice," Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964) for all litigants. Therefore, instead of adopting the course proposed by the plaintiff, we will, in the exercise of our discretion, deny this motion to file a supplemental complaint, without prejudice to the plaintiff seeking joinder of these claims and parties, if appropriate, following

dispositive motions practice in the newly filed case of <u>Abney v. Basial</u>, 1:16-CV-350.

An appropriate order follows:

## **ORDER**

AND NOW, this 18th day of April, 2016, IT IS ORDERED that the plaintiff's motion to file a supplemental complaint (Doc. 130), is DENIED without prejudice to the plaintiff seeking joinder of these claims and parties which are now set forth in <u>Abney v. Basial</u>, 1:16-CV-350 , if appropriate, following dispositive motions practice in the newly filed case of <u>Abney v. Basial</u>, 1:16-CV-350.

IT IS FURTHER ORDERED that the parties shall meet, and confer, and provide the court with a supplemental joint case management report in this litigation, detailing what steps the parties deem appropriate to finalize this case for trial, on or before **April 29, 2016**, and a telephonic case management conference will be held in the above-captioned case on **May 6, 2016** at **11:00 a.m.** The Plaintiff shall initiate the call, ensuring that all parties are on the telephone line, before contacting the Court at telephone number 717-614-4120.

<i>S/Martin C. Carlson</i>
Martin C. Carlson
United States Magistrate Judge