**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE ABNEY,** | : | |
| | : | **Civil No. 1:13-CV-1418** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **CALEB YOUNKER, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I.    Statement of Facts and of the Case

On March 11, 2016, this longstanding prisoner civil rights case was referred

to the undersigned following the entry of a recusal order.  Upon reassignment of this

case we ascertained that there were a series of motions pending in this matter.  These

motions included two competing sanctions motions, along with a motion to file a

supplemental complaint.  These motions arose in what has been contentious litigation.

Thus, on May 24, 2013, the plaintiff, Clarence Abney, filed a complaint

alleging various federal civil rights violations, and state common law torts, arising out

of a June 29, 2012, incident in which Abney alleged that he was assaulted and

seriously injured by correctional staff at the State Correctional Institution,

Huntingdon. (Doc. 1.) On October 16, 2013, the Court (M.J. Schwab) set a schedule

for limited discovery and dispositive motions on a preliminary issue, the affirmative

defense of non-exhaustion of administrative remedies.  (Doc. 25.)  A motion for partial summary judgment on that issue was then timely filed on February 28, 2014, by the defendants.  (Doc. 52.)  Judge Schwab issued a Report and Recommendation regarding this motion on August 4, 2014.   That Report and Recommendation recommended that this motion be granted in part and denied in part. (Doc. 95.)  The partial denial of this defense motion was based upon Judge Schwab's conclusion that there were certain factual disputes which precluded summary judgment.

With their understanding of the deficiencies in their summary judgment motion informed by Judge Schwab's Report and Recommendation, the defendants filed a second summary judgment motion on August 27, 2014.  (Doc. 98.)  This motion, which was filed while Judge Schwab's Report and Recommendation was pending, endeavored to address some of the evidentiary shortcomings cited by the judge in her Report and Recommendation.   Ultimately, these efforts by defense counsel were unavailing.   Judge Schwab issued a second Report and Recommendation which recommended that the second summary judgment motion also be denied. (Doc. 112.) The district court later adopted both of these Reports and Recommendations.  (Docs. 111 and 145.)

In his sanctions motion, (Doc. 105.), Abney argued that the filing of this second summary judgment motion without the prior approval of the court constituted

a sanctionable act of misconduct on the defendants' part. Thus, in our view this motion sought to sanction zealous aggressive, albeit unsuccessful, advocacy by defense counsel.

The defendants also filed a motion for sanctions, (Doc. 136.), which sought to sanction zealous, and aggressive advocacy by the plaintiff's counsel, advocacy whose prudence has yet to be determined. On December 1, 2015, Abney filed a motion for leave to file a supplemental complaint. This motion sought leave to bring new allegations of constitutional violations against additional defendants, including the defense trial counsel in this case, arising out of what were efforts to transfer Abney between state prisons for the purpose of deposing him in this underlying case, efforts that were allegedly undertaken prior to obtaining court approval for the deposition. (Doc. 130.) Abney has now also repeated these allegations in a newly filed lawsuit, a separate and free-standing civil action. Abney v. Basiel, 1:16-CV-350. The defendants regarded this very aggressive advocacy as sanctionable misconduct, and sought sanctions against Abney's counsel as a result of this filing. The defendants charted this course, however, prior to any legal assessment of the merits of these newly filed legal claims. Thus, the defendants sought to sanction counsel for filing a frivolous pleading, before the merits or frivolousness of that pleading had been ascertained.

3

Having carefully considered the parties competing submissions on these motions, we concluded that all of these motions should be denied, and denied these motions while charting a course for the prompt adjudication of Abney's initial legal claims, claims which had perhaps been be hijacked to soem degree by these collateral disputes between the parties.

Abney has now filed motions to reconsider these rulings, motions to reconsider which suggest that we either misapprehended the facts or misunderstood the law in a way which resulted in a manifest injustice. (Docs. 152 and 155.)  These motions are fully briefed by the parties and are, therefore, ripe for resolution.

For the reasons set forth below, the motions for reconsideration will be denied.

## II.    Discussion

### A.    Motion to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either:  "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).  As the United

States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest
> errors of law or fact or to present newly discovered evidence." Max's
> Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779
> F.2d 906, 909 (3d Cir.1985)).  "Accordingly, a judgment may be altered
> or amended if the party seeking reconsideration shows at least one of the
> following grounds:  (1) an intervening change in the controlling law; (2)
> the availability of new evidence that was not available when the court
> granted the motion for summary judgment; or (3) the need to correct a
> clear error of law or fact or to prevent manifest injustice." Id. (citation
> omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251
(3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not

translate into the type of clear error of law which justifies reconsideration of a ruling.

Dodge, 796 F.Supp. at 830.  Furthermore, "[b]ecause federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted

sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937,

943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not

a tool to re-litigate and reargue issues which have already been considered and

disposed of by the court. Dodge, 796 F.Supp. at 830.  Rather, such a motion is

appropriate only where the court has misunderstood a party or where there has been

a significant change in law or facts since the court originally ruled on that issue.  See

5

Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### B.      These Motions to Reconsider Should Be Denied

Guided by these legal standards, we conclude that reconsideration of our prior rulings is neither necessary, nor appropriate, here.  At the outset, we believe that Abney errs when he suggests that our prior rulings were rooted in a misapprehension regarding either the facts or the law.  They were not.  Instead, these rulings reflected our exercise of the broad discretion conferred upon the court in matters relating to sanctions litigation or amendment of pleadings.  Thus, sanctions decisions rest in the sound discretion of the court and may only be reviewed for abuse of discretion, which will be found only where "the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting In re Orthopedic Bone Screw Products Liability Litig., 193 F.3d 781, 795 (3d Cir. 1999)).  Likewise, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion.  See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

6

Yet the exercise of our discretion in these fields is guided by certain basic principles.  For example, sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court.  See Klein v. Stahl, GMBH & Co., Maschinefabrik, 185 F.3d 98 (3d. Cir. 1999).  This basic, but pivotal, aspect of the exercise of discretion in this area, has been voiced in many ways.  Thus, it is well established that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion.  A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc. 501  U.S. at 44-45 (citation omitted).  Similarly, the exercise of discretion in ruling upon motions to file supplemental complaints is guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice."  Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).  Therefore, in considering a motion to amend we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd.

7

v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001)).” CMR D.N.

Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March

11,2011)(Stengel, J.).

Mindful of these guiding principles and our broad discretion, in this case we

simply exercised our discretion in ruling upon these motions.  We did so with an

understanding  of  the  prior  litigation  which  had  transpired  in  this  case,  an

understanding  informed  by  our  careful  review  of  the  record  in  this  case,  and  an

understanding  which  was  not  colored  by  the  past  contentiousness  in  the  litigation.

With our understanding informed in this fashion, we concluded that the best exercise

of  our  discretion  was  to  deny  these  motions  which  entailed  collateral  forays  of

questionable  merit,  and  set  a  straight  and  true  course  for  resolving  the  important

underlying issues in this lawsuit.  Our views on that score remain unchanged.  Since

these rulings were, at bottom, an exercise in informed discretionary decision-making,

and  in  our  view  did  not  rest  upon  a  mistake  of  fact,  error  in  law  or  otherwise  yield  a

manifest injustice, we will not alter these rulings at this time.

We note, however, that in his motion to reconsider the denial of leave to file

a  supplemental  complaint,  Abney  raises  a  separate  concern  which  warrants  brief

mention.  Abney's  proposed  supplemental  complaint  attempted  to  link  defendants

who were alleged to have engaged in dissimilar acts which occurred at disparate times

and places.  Specifically, Abney's proposed supplemental complaint would have tied some 16 defendants that Abney claimed were involved in his June 2012 assault into Abney's subsequent, and allegedly unauthorized, prison transfer, on a speculative theory that these events which occurred years apart and involved different actors were part of some seamless conspiracy.  Abney's motion to reconsider alleges that our ruling denying his motion to supplement now bars him from pursuing these claims against these additional defendants under the statute of limitations.

We disagree with Abney's assessment for several reasons.  First, we find that Abney creates a false dilemma when he suggests that our ruling wholly precludes litigation of this specific claim against these 16 defendants.  Quite the contrary, we believe that Abney's newly filed lawsuit still provides him a full and fair opportunity to pursue this particular claim against these additional defendants.  For example, if Abney can truly demonstrate that these two very different events really were part of an active on-going seamless and linear conspiracy, then the continuing wrongs theory would seem to permit Abney to bring these claims together in his newly filed lawsuit against all culpable conspirators while potentially avoiding the bar of the statute of limitations.[1]  On the other hand, if the joinder of these disparate claims and diverse

---

[1] This observation should not be construed as an endorsement of this theory; it is simply made in order to rebut Abney's claim that these matters absolutely cannot be joined together in his newly filed lawsuit.

parties merely rests upon a wholly speculative and unsupported claim of a conspiratorial agreement spanning years and embracing dozen of actors, this claim would fail as a matter of law in Abney's newly filed lawsuit. However, in either event, Abney's election to file a second lawsuit provides him a new and more appropriate vehicle for litigation of these claims. Therefore, our position that we should exercise our discretion under Rule 15(d) in a way which "appl[ies] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ],' "[2] continues to lead us to the conclusion that this motion to supplement should be denied.

Finding that reconsideration of these prior rulings is not necessary, an appropriate order follows:

---

[2] Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

## <u>ORDER</u>

AND NOW this 4th day of May 2016, in accordance with the accompanying memorandum, IT IS ORDERED that the plaintiff's motions for reconsideration, (Docs. 152 and 155.) are DENIED.

***<u>S/Martin C. Carlson</u>***
Martin C. Carlson
United States Magistrate Judge
